88 N.J. Super. 63 (1965)
210 A.2d 644
MARIE M. CAMPBELL, PLAINTIFF,
v.
EDWARD J. CAMPBELL, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 25, 1965.
*64 Mr. John A. Bolger for Lawrence C. Larsen, Chief Probation Officer of Essex County.
CONSODINE, J.C.C. (temporarily assigned).
The Essex County Probation Department, having been served by the Internal Revenue Service with a notice of levy on alimony funds in its hand, seeks instructions from the court. The levy is for $297.26 and includes statutory additions and lien fee.
Plaintiff secured a divorce in 1959. The judgment nisi provided for custody of the child to plaintiff, with $20 per week alimony and $10 per week support for the child. In cases of this sort, with an ordinary income involved, our courts are fully cognizant of the fact that $10 per week for a child does not pay for its support. Part of this support comes from the alimony to the wife.
Is the lien of the United States good against the weekly alimony payment, without which the present family unit cannot be kept intact except on the welfare rolls? There appear to be no reported cases in the United States on the question presented.
Under sections 6331 et seq. of the Internal Revenue Code (subchapter (D)  "Seizure of Property for Collection of Taxes") the United States has the authority to seize the property of any person to satisfy unpaid taxes. The Code, enacted to effectuate constitutional power, is the supreme law of the land. If in conflict with state law, constitutional or statutory, the latter must yield. United States v. City of Greenville, 118 F.2d 963, 965 (4 Cir. 1941).
To exempt alimony or support from levy would require amendment to the federal law. Section 6334(a) sets up certain *65 exemptions from levy, not exceeding $500 in the aggregate; certain others not exceeding $250 in the aggregate, and unemployment benefits.
Subparagraph (c) in unmistakably clear language prohibits any exemptions other than those mentioned herein:
"Notwithstanding any other law of the United States, no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)."
In construing the quoted section the court in Davis v. Birdsong, 275 F.2d 113, 115-116 (5 Cir. 1960), commented as follows:
"This section does not include as being exempt property set aside in a state court for a year's support, nor does it by reference include state created exemptions."
Moreover, Internal Revenue Regulations, section 301.6334-1 (c), provides in pertinent part:
"* * * No other property or rights to property are exempt from levy except the property specifically exempted by section 6334 (a). No provision of a State law may exempt property or rights to property from levy for the collection of any Federal tax."
The Internal Revenue Code, the regulations promulgated pursuant thereto, and the case law all indicate that unless property has been specifically exempted under federal law, it is subject to levy by the United States to satisfy unpaid taxes. However, if the rights to property or property are not vested in the party who bears the tax liability, they would not be subject to levy.
The levy on the alimony paid by defendant to plaintiff through the Essex County Probation Department is good and valid against the plaintiff.